# United States Court of Appeals for the Fifth Circuit

No. 21-60706
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

Raul Sebastiao Miranda,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 290 130

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Raul Sebastiao Miranda, a native and citizen of India, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the immigration judge's (IJ) denial of his applications for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal and protection under the Convention Against Torture (CAT).

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of withholding of removal and CAT protection are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "compels" such a reversal. *Id.* Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

The Government argues that we lack jurisdiction to hear Miranda's challenge to the BIA's affirmance of the IJ's adverse credibility finding because he did not sufficiently raise it in the first instance before the BIA. Although it is a close call as to whether Miranda sufficiently raised before the BIA the credibility issue, the BIA itself exhausted the issue because it considered the issue on the merits when it stated that Miranda failed to show clear error as to the adverse credibility finding. *See Ibrahim v. Garland*, 19 F.4th 819, 825 (5th Cir. 2021).

Nevertheless, Miranda has not shown that the record compels an opposite result from the IJ's adverse credibility ruling. *See Chen*, 470 F.3d at 1134. Because the IJ found Miranda not credible, he held that Miranda could not establish his claim for withholding of removal. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 772 (5th Cir. 2020). Therefore, it is unnecessary to reach the merits of Miranda's withholding of removal argument. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

No. 21-60706

In arguing in support of his CAT claim, Miranda refers to "torture" in a conclusory fashion but neither mentions specific acts causing "severe pain or suffering," 8 C.F.R. § 208.18(a)(1), nor cites to any evidence in the record that would support his CAT claim. Thus, Miranda has failed to show that the record compels a finding of eligibility for CAT relief. *See Chen*, 470 F.3d at 1134.

Accordingly, Miranda's petition for review is DENIED.